IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**BOBBY L. MAGWOOD,**

    **Plaintiff,**

**vs.**                                     **Case No. 4:14cv314-MW/CAS**

**OFFICER BEEM,**
**and OFFICER HAWKINS,**

    **Defendants.**

_____/


## ORDER and REPORT AND RECOMMENDATION

This case has been remanded after adoption of the Report and Recommendation, doc. 31, which recommended granting the motion to dismiss, doc. 24. Doc. 35. Only two claims were deemed sufficient to remain: Plaintiff's Eighth Amendment claim against Defendant Beem, and a separate Eighth Amendment claim against Defendant Hawkins. Docs. 31, 35. In reviewing this case to move forward, an inconsistency has become apparent.

The Report and Recommendation began with the procedural history and status of this case. Doc. 31 at 1-2. There, it was noted that service of process was carried out on all but two Defendants. *Id.* at 2, (*citing* docs. 13, 16, 17, 22, 23, and 27). Defendant Hawkins was not served, and the Department of Corrections was unable to provide assistance in locating that Defendant, advising the Court that Hawkins had left the State

of Florida and had not left a forwarding address.  Doc. 16.  In an Order entered on July 21, 2014, Plaintiff was directed to use discovery to attempt to locate Defendant Hawkins and advised that it was his responsibility to file a motion for additional service efforts to be made on that Defendant if he obtained an address.  Doc. 17.  Because nothing has been filed concerning Defendant Hawkins, and because the Defendant was not served with process as required by FED. R. CIV. P. 4(m) and FED. R. CIV. P. 12(b)(5), it was recommended that Plaintiff's claims against Defendant Hawkins be dismissed.  Doc. 31 at 2.

Thereafter, during the review of Plaintiff's claims as alleged against each of the other seventeen Defendants, it was noted that the merits of Plaintiff's claim against Defendant Hawkins for failing to examine and treat Plaintiff on May 31, 2013, was not addressed on the merits.  In that posture, a claim could generally proceed, as was stated in the Report and Recommendation.  However, that claim should not proceed in this case because Defendant Hawkins has not been found or served.  Plaintiff appears to acknowledge that fact in his objections, stating that claim is "moot."  Doc. 33 at 4.  Thus, to provide clarity going forward, it is recommended that Plaintiff's claim against Defendant Hawkins be dismissed.

Accordingly, the only claim that remains in this case, is Plaintiff's Eighth Amendment claim against Defendant Beem.  Plaintiff alleged that Defendant Beem required Plaintiff to remain in a cell contaminated with urine and feces after the toilet allegedly backed up and flooded the cell.  Doc. 8 at ¶30.  Plaintiff contends that Defendant Beem removed his cellmate, but left Plaintiff in the cell from March 27, 2013, through March 30, 2013.  Plaintiff claimed Defendant Beem cut the water off to the cell,

and "made no effort to decontaminate the cell or move Plaintiff out [of] the cell." *Id.* If Plaintiff desires to continue with this case, Plaintiff will be required to file an amended complaint which presents only the facts relevant to that claim. Plaintiff's claim against Defendant Beem continues in his individual capacity only, and for nominal damages only. Plaintiff's amended complaint shall be filed on or before **March 27, 2015**.

Accordingly, it is

**ORDERED:**

1. Plaintiff shall have until **March 27, 2015**, in which to file an amended complaint in accordance with this Order, and the Order adopting the Report and Recommendation, doc. 35.

2. The Clerk of Court shall provide Plaintiff with a § 1983 complaint form for use by state prisoners so that Plaintiff can file the amended complaint as directed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the Eighth Amendment claim against Defendant Hawkins be **DISMISSED** because the Defendant was not served with process as required by FED. R. CIV. P. 4(m) and FED. R. CIV. P. 12(b)(5), and this case be **REMANDED** for further proceedings on the lone surviving claim.

**IN CHAMBERS** at Tallahassee, Florida, on February 26, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**